# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Issac Joseph Ramos,<br>Plaintiff<br>-vs-<br>Arizona Department of Corrections, et al.,<br>Defendants. | CV-13-0887-PHX-ROS (JFM)<br><br>**Report & Recommendation**<br>**Re Failure to Serve** |

**Background** - Plaintiff's First Amended Complaint (Doc. 12) was filed on January 13, 2014. The Court's service Order (Doc. 14) was entered on May 22, 2014. A review of the Court's file reflects that service on defendant Rodriguez was returned unexecuted on July 22, 2014. Plaintiff has apparently taken no action to pursue service on Rodriguez.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later

Under the foregoing rules, service in this matter should have been completed by Monday, July 21, 2014. The Court's Order filed August 20, 2014 (Doc. 18) gave Plaintiff fourteen days to file a response showing cause why Defendant Rodriguez

should not be dismissed for failure to effect timely service. Plaintiff has not responded or otherwise shown cause

**Application of Law to Facts** - Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Plaintiff has made no showing of good cause.

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant</u> - Defendant, if eventually served,

would be brought into litigation in which discovery had been proceeding under a scheduling Order (Doc. 20) filed August 20, 2014.

<u>Length of Delay and Impact</u> – Almost two months have expired since service on Defendant was returned unexecuted.  To extend the time for service, and to introduce a new defendant would effectively mean resetting the schedule in this case.  This case is already over 16 months old, and the time for service expired almost two months ago.  Prejudice to the opposing parties would result from the belated addition of a new defendant.

<u>Reason for Delay</u> - Plaintiff's single attempt at pursuing service on this defendant do not demonstrate diligence. Rather, the delay appears attributable to simple neglect.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

**<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendant Rodriguez.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendant Rodriguez be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: September 18, 2014

13-0887r RR 14 09 17 re Dismiss FTSrv.docx

James F. Metcalf
United States Magistrate Judge