# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Issac Joseph Ramos,<br>Plaintiff<br>-vs-<br>Arizona Department of Corrections, et al.,<br>Defendants. | CV-13-0887-PHX-ROS (JFM)<br><br>**Report and Recommendation**<br>**Re Dismissal for Failure to Prosecute** |

In the Order filed October 16, 2014 (Doc. 24), the Court observed that the parties' Rule 26(f) Report (Doc. 23) reported that Plaintiff had failed to serve his initial disclosures. Those disclosures were due by September 29, 2014. (*See* Order 8/20/14, Doc. 19.) Accordingly, the Court ordered Plaintiff to either: (1) serve his initial disclosure statement and file a notice of service; or (2) file a response to this Order showing cause why this action should not be dismissed for failure to prosecute as a result of Plaintiff's failure to make disclosures as ordered. (Order 10/16/14, Doc. 24.) To date, Plaintiff has neither filed a notice of service, nor responded to the order to show cause.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." *In Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to serve his initial disclosures, compounded by his failure to respond to the Order to Show Cause, precludes this case from progressing.  This leaves Defendants to engage in the kinds of expansive discovery which the disclosure rule was intended to avoid, in an effort to defend against Plaintiff's claims, with the associated delays, burdens, and expense.

The fourth factor, as always, weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative is available.  Plaintiff's failure to respond to the Order to Show Cause which indicated the possibility of dismissal shows that less drastic sanctions would be similarly ignored.  Moreover, the application of most of the normal sanctions for failure to make disclosures (e.g. preclusion of evidence, resolution of issues, etc.) would have the effect of a dismissal, given the complete failure to make disclosures.  Given Plaintiff's incarcerated and *in forma pauperis* status (*see* Order 7/25/13, Doc. 7), an award of expenses would be all but futile.

The undersigned finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily

harsh. Therefore, the Complaint and this action should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41, the First Amended Complaint (Doc. 12) and this case be **DISMISSED WITHOUT PREJUDICE**.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 13, 2014

James F. Metcalf
United States Magistrate Judge

13-0887o Order 14 11 13 re RR Dismiss FTP Init Disclosures.docx

3